IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 14, 2025

**RICKIUS GRANT v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-23-336          Joseph T. Howell, Judge**

_____

**No. W2024-00837-CCA-R3-PC**

_____

The Petitioner, Rickius Grant, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief from his convictions for two counts of attempting to traffic a person for a commercial sex act and resulting concurrent six-year sentences. On appeal, he contends that the post-conviction court erred by finding that his petition was barred by the statute of limitations because due process required that the statute of limitations be tolled. Based upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which J. ROSS DYER and MATTHEW J. WILSON, JJ., joined.

M. Todd Ridley (on appeal), Assistant Public Defender – Appellate Division, Franklin, Tennessee, and Parker O. Dixon (at hearing), Assistant District Public Defender, Jackson, Tennessee, for the appellant, Rickius Grant.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Jody S. Pickens, District Attorney General; Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The record reflects that the Defendant was indicted for two counts of trafficking a person for a commercial sex act, a Class B felony; two counts of patronizing prostitution, a Class A misdemeanor; and two counts of solicitation of a minor, a Class A misdemeanor, for offenses that occurred on August 25 and 26, 2021. On September 15, 2022, he pled

guilty to two counts of attempting to traffic a person for a commercial sex act, a Class C felony, and the State dismissed the charges of patronizing prostitution and solicitation of a minor. The transcript of the guilty plea hearing is not in the appellate record. However, the written request for acceptance of guilty plea and petition to waive trial by jury provides that the Defendant was to be sentenced as a Range I, standard offender and receive two, concurrent six-year sentences. The trial court entered the six judgments of conviction on October 25, 2022.

On December 13, 2023, the Petitioner filed a pro se petition for post-conviction relief, claiming, in pertinent part, that trial counsel was ineffective by not providing him with any evidence in his case, by not preparing any defense, and by forcing him to plead guilty. The Petitioner delivered the pro se petition to prison authorities on December 1, 2023. *See* Tenn. R. Crim. P. 49(d) (providing that petitions are deemed timely if delivered to the appropriate individual at the correctional facility within the time set for filing).

The post-conviction court appointed counsel and directed counsel to file an amended petition, if necessary. On December 19, 2023, the State responded to the petition, arguing that by either the date the Petitioner delivered the petition to prison authorities or the date he actually filed the petition, the petition was filed outside the one-year statute of limitations. On January 22, 2024, post-conviction counsel filed an amended petition, asserting that, due to the ineffective assistance of trial counsel, the Petitioner unknowingly and involuntarily pled guilty to attempting to traffic a person for a commercial sex act. The Petitioner claimed that pursuant to this court court's opinion in *State v. Ashley*, No. M2022-01096-CCA-R3-CD, 2023 WL 7130271 (Tenn. Crim. App. Oct. 30, 2023), *no perm. app. filed*, he only attempted to patronize prostitution, a Class B misdemeanor. The Petitioner acknowledged in the amended petition that his pro se petition was untimely but contended that the interests of justice necessitated tolling the statute of limitations on the basis of a later-arising claim, mental incompetence, and attorney misconduct. The Petitioner requested a hearing on the matter. On March 8, 2024, the State filed a second response, arguing that in addition to the petition being time-barred, *Ashley* was inapplicable to the Petitioner's case because *Ashley* addressed convictions of solicitation of a minor pursuant to Tennessee Code Annotated section 39-13-528, whereas the Petitioner pled guilty to attempting to traffic a person for a commercial sex act pursuant to Tennessee Code Annotated section 39-13-309.

The post-conviction court held a hearing on May 13, 2024. At the outset of the hearing, the State requested that the post-conviction court dismiss the untimely petition. Post-conviction counsel responded that the statute of limitations should be tolled because the Petitioner filed his petition as quickly as possible after he learned about *Ashley*. The post-conviction court concluded that the petition was untimely but allowed the Petitioner to put on proof as to whether the statute of limitations should be tolled.

- 2 -

The Petitioner testified that he requested permission to access the prison library and that someone in the library helped him find the helpful caselaw. The Petitioner then filled out his form petition for post-conviction relief but had to wait for someone to notarize the form. The post-conviction court appointed counsel, and the Petitioner showed the *Ashley* opinion to counsel.

The Petitioner testified that this court filed *Ashley* on October 30, 2023. He acknowledged that he could not have known about this court's decision in *Ashley* prior to its being filed and said that he "immediately started the process" to file his post-conviction petition. The Petitioner filed his petition as soon as possible on December 1, 2023.

The post-conviction court found that the petition was time-barred, stating, "I find that there is no exception provided here today, and the statute of limitations is applicable. As to the case law, I agree with the State. That is not applicable, and so it wouldn't toll the statute of limitations."

## ANALYSIS

On appeal, the Petitioner claims that the facts of his case are "virtually identical" to the facts in *Ashley*; that *Ashley* "revealed to him an avenue for attacking his convictions" because this court found in *Ashley* that the evidence was sufficient to support only misdemeanor convictions; and that due process required tolling the statute of limitations because he pursued his rights diligently after this court released *Ashley*. The State argues that the post-conviction court properly dismissed the petition as time-barred. We agree with the State.

Post-conviction relief is warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgment of a constitutional right. Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his or her grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusion of law, however, are subject to de novo review with no presumption of correctness. *Id.* at 457.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred."

Tenn. Code Ann. § 40-30-102(a). The post-conviction statute contains a specific anti-tolling provision:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

*Id*.

Subsection (b) of the statute sets forth three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. *Id*. at § 40-30-102(b). The Petitioner acknowledges that none of those exceptions applies here.

Our supreme court has held that due process may require tolling the statute of limitations. *Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead*, 402 S.W.3d at 631). In explaining the first prong of the analysis, the court stated that "pursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" *Id*. (quoting *Whitehead*, 402 S.W.3d at 631). "[T]he second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." *Whitehead*, 402 S.W.3d at 631. Moreover, tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id*. at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Prior to *Whitehead* and *Bush*, the court had specifically identified the following three circumstances in which due process requires tolling the statute of limitations: (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents compliance with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." *Bush*, 428 S.W.3d at 16 (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011).

In *Ashley*, the defendant corresponded with an undercover female police officer via text messages and arranged to meet her at a hotel to pay her for sex. 2023 WL 7130271, at *2. Prior to the meeting, the officer told the defendant that she was sixteen years old. *Id*. When the defendant entered the officer's hotel room and handed her sixty dollars, the police arrested him. *Id*. The defendant was indicted for patronizing prostitution from a law enforcement officer posing as a minor pursuant to Tennessee Code Annotated section 39-13-514 and solicitation of a law enforcement officer posing as a minor to commit patronizing prostitution pursuant to Tennessee Code Annotated section 39-13-528. *See id*. at *1. At the time of the offenses, subsections (a)(2) and (b)(1) of Tennessee Code Annotated section 39-13-514 provided that patronizing prostitution from a law enforcement officer posing as a minor was a Class A misdemeanor, and subsection (b)(3)(A) provided that patronizing prostitution from an actual minor was subject to enhanced punishment as trafficking for commercial sex acts, a Class B felony, pursuant to Tennessee Code Annotated section 39-13-309. *See id*. at *5. Subsection (d)(1) of Tennessee Code Annotated section 39-13-514 provided that it was not a defense to a violation of this section that the subject of the offense was a law enforcement officer. *See id*.

After a bench trial, the trial court convicted the defendant of patronizing prostitution from a minor and solicitation of a minor to commit patronizing prostitution, Class B and C felonies, respectively. *Id*. at *3. In a motion for judgment of acquittal, the defendant argued that the evidence showed he patronized prostitution from a law enforcement officer posing as a minor and, therefore, only committed misdemeanors. *Id*. at *4. The trial court reasoned that in light of subsection (d), the defendant was guilty of the felony offenses. *Id*. at *6. On appeal, this court modified the defendant's convictions to patronizing prostitution from a law enforcement officer posing as a minor, a Class A misdemeanor, and solicitation of a law enforcement officer posing as a minor to commit patronizing prostitution, a Class B misdemeanor. *Id*. at *7.

The Petitioner misunderstands the holding in *Ashley*. This court did not create new law in the *Ashley* opinion. This court determined that Tennessee Code section 39-13-514 provided clearly and unambiguously that the offenses of patronizing prostitution and

patronizing prostitution from a law enforcement officer posing as a minor were Class A misdemeanors whereas patronizing prostitution from an actual minor or a person with an intellectual disability was subject to the enhanced punishment of Tennessee Code Annotated section 39-13-309 and that the defenses listed in subsection (d) did not usurp the plain language of the previous subsections. *Id*. at \*6. The holding in *Ashley* was that the trial court misinterpreted the plain language of the statute; the holding did not provide a basis to justify tolling the statute of limitations in the present case.

The Petitioner failed to present evidence at the hearing that an extraordinary circumstance preventing him from filing a timely petition, and he does not claim on appeal that mental incompetence or attorney misconduct prevented him from filing his post-conviction petition within the statute of limitations. Thus, the post-conviction court properly found that the statute of limitations should not be tolled.

## CONCLUSION

Upon our review, we affirm the judgment of the post-conviction court.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE

- 6 -